# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY D. WRIGHT,

        Petitioner,        :    Case No. 3:02-cv-063

  - vs -                         District Judge Thomas M. Rose[1]
                                Magistrate Judge Michael R. Merz

HARRY RUSSELL, Warden,
  Lebanon Correctional Institution,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN JUDGMENT

This habeas corpus case, brought pro se by Petitioner Timothy D. Wright under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Reopen Judgment (ECF No. 56).

Wright filed his Motion to Reopen June 15, 2017. The judgment sought to be reopened was entered July 22, 2003, almost fifteen years before the Motion. Fed. R. Civ. P. 60(b) is the provision of federal procedural law governing reopening of judgments and it provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Wright captions his Motion as if this matter were still assigned to District Judge Walter Rice. However, the case was reassigned to District Judge Thomas M. Rose on June 26, 2002, and has remained assigned to Judge Rose since then (ECF No. 15).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

While Wright does not mention what subsection of Rule 60(b) provides the grounds for his motion, he asserts that this Court's judgment is void ab initio because this Court lacked subject matter jurisdiction over the case. The Court presumes he intends to invoke Rule 60(b)(4).

The courts of the United States have subject matter jurisdiction of habeas corpus claims under 28 U.S.C. § 2241 which grants all Article III judges the power to issue the writ within the territory for which they have been appointed. Petitioner invoked that jurisdiction by petitioning this Court to grant him a writ of habeas corpus and alleging that he was being held in custody by Respondent Russell in violation of the Constitution of the United States (Petition, ECF No. 1). The Court exercised that jurisdiction by ordering the Warden to file an answer to respond to Petitioner's allegations and "raise any affirmative defenses relied on by Respondent. . . ." (Order for Answer, ECF No. 3, PageID 470).

On May 22, 2002, the Magistrate Judge recommended the Petition be dismissed with prejudice (ECF No. 13). Judge Rose adopted that recommendation over Wright's objections, entering the judgment now sought to be reopened on January 27, 2003 (ECF No. 17, 18). Wright

appealed, but both this Court and the Sixth Circuit denied him a certificate of appealability (ECF No. 54).

Wright has not established that this Court lacked subject matter jurisdiction to adjudicate his claims. When he filed, he alleged that he was being held in custody within the territorial jurisdiction of this Court, to wit, at the State of Ohio Lebanon Correctional Facility, located in southern Ohio, in violation of the Constitution. This Court properly held his claims were without merit, exercising the habeas corpus jurisdiction conferred on the Court by 28 U.S.C. § 2241.

Wright claims in addition that the Ohio courts were without subject matter jurisdiction to try, convict, and sentence him. His theory seems to be that because there was no complaint and no "Fourth Amendment document" in the state court record filed with this Court, the State did not prove it had subject matter jurisdiction over him, but instead only showed "a procedural document (the indictment)." (Motion, ECF No. 56, PageID 16.)

This argument confuses a number of distinct concepts. Under Ohio law, a complaint is "a written statement of the essential facts constituting the offense charged." Ohio R. Crim. P. 3. Because it is made on oath, if it shows probable cause to believe a crime has been committed, it will support the issuance of an arrest warrant. Ohio R. Crim. P. 4. Because persons cannot be arrested under the Fourth Amendment without probable cause, the Court assumes that what Petitioner is referring to as a "Fourth Amendment document" is an arrest warrant. When some officer authorized to execute warrants arrests a person on the basis of a warrant and brings that person before a competent judge for initial appearance, the state court gains personal jurisdiction over the arrested person. If that warrant is returned in a county district or municipal court, that court does not have subject matter jurisdiction to try, convict, and sentence the arrested person if the complaint charges a felony, but only so-called "bindover" authority, to wit, to make another

finding of probable cause and hold the defendant for action by the grand jury. Persons charged with felony offenses, as Wright was, have an Ohio constitutional right not to be tried unless they have first been formally charged ("indicted") by a grand jury.

It is not customary for the Attorney General to file copies of the complaint and any arrest warrant issued on the complaint when filing an answer or return of writ in a habeas corpus case. Those documents add nothing of value to the record and would usually have to be obtained from a different court than the Common Pleas Court in which a petitioner was tried. There is no authority known to this Court that holds that a copy of the complaint and/or arrest warrant is necessary to adjudicate a habeas case and certainly no authority that it is only the "substantive state law" embodied in such documents that gives a federal court subject matter jurisdiction in habeas.

If the Ohio courts had had neither subject matter or personal jurisdiction over Wright, that is certainly a claim he could have brought when he first filed. Now, over fifteen years later, the statute of limitations on bringing such a claim has long since expired. If, as Wright seems to be alleging, he was arrested without proper process or convicted in a court that did not have subject matter jurisdiction, such a conviction would have violated his Due Process rights. But he did not make that claim in his Petition and the statute of limitations has now expired.

Wright seems to claim the he can raise this argument at any time. While he can raise lack of subject matter jurisdiction **of the federal court** at any time (by invoking Fed. R. Civ. P. 60(b)(4)), he cannot raise lack of subject matter jurisdiction of the state court as a basis for habeas relief "at any time," but only before judgment in the federal case. Alternatively, if this is a "new claim" being made now by Wright for the first time, that would convert his 60(b)(4) motion into a second-or-successive habeas corpus application on which he could not proceed

4

without prior permission of the Sixth Circuit Court of Appeals under 28 U.S.C. § 2244(b). See *Gonzalez v. Crosby*, 545 U.S. 524 (2005),

It is true that the Ohio courts hold to the doctrine that lack of jurisdiction can be raised at any time. See *State v. Wogenstahl,* 2017-Ohio-6873, 2017 Ohio LEXIS 1439 (2017), citing *State v. Mbodji,* 129 Ohio St. 3d 325 (2011), also cited by Wright. But that is a doctrine of Ohio, not federal, law. It may be that an Ohio court will entertain this claim in a state habeas corpus action. But the State cannot impose that doctrine on the federal courts. In *Mbodji,* the Ohio Supreme Court held

> [**P10] The term "jurisdiction" refers to the court's statutory or constitutional authority to hear a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004 Ohio 1980, 806 N.E.2d 992, ¶ 11. The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person. Id. Because subject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived or forfeited and may be raised at any time. Id. In contrast, a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty. *State v. Holbert* (1974), 38 Ohio St.2d 113, 118, 67 O.O.2d 111, 311 N.E.2d 22. The question before us relates to the trial court's subject-matter jurisdiction.

Id. at ¶ 10. The words "raised at any time" must be read as applying to Ohio courts. The Ohio Supreme Court lacks the authority to allow a person to raise a habeas corpus claim in federal court "at any time."

In sum, Wright never raised before judgment a claim that either the state or federal court lacked subject matter jurisdiction to hear his case. Since the statute of limitations has long since run on any claim the state court lacked jurisdiction, Wright's Motion to Reopen should be denied. Because reasonable jurists would not disagree with this conclusion, the Court should also deny any requested certificate of appealability and certify to the Sixth Circuit that any

appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 1, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).